UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M/I HOMES OF CHICAGO, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOUSTON CASUALTY COMPANY, ) <br> ) <br> Defendant. ) <br> ──────────────────────── ) <br> HOUSTON CASUALTY COMPANY, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NAVIGATORS SPECIALTY INSURANCE ) <br> COMPANY and UNITED SPECIALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> Third-Party Defendants. ) | Case No. 1:24-cv-00983 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant/Third-Party Plaintiff, Houston Casualty Company's ("HCC"), Motion for Leave to File a Third Amended Third-Party Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 15. For the reasons set forth below, the Court grants HCC's Motion [158].

**BACKGROUND**

On February 2, 2024, Plaintiff M/I Homes of Chicago, LLC ("M/I Homes") initiated this insurance coverage action against HCC seeking reimbursement of amounts it incurred in defense of the underlying construction defect action, *Church Street Station Townhome Owners Association v. M/I Homes of Chicago, LLC*, Case No. 18 L 10795, 1:24-cv-00983 ("Underlying Action").

1

On April 2, 2024, HCC filed a Third-Party Complaint against five insurers that, as with HCC, issued commercial general liability ("CGL") insurance policies to subcontractors of M/I Homes at the construction project at issue in the Underlying Action. The Third-Party Complaint alleges that if HCC is found liable to M/I Homes for the claims asserted in M/I Homes' Complaint in this action, the Third-Party Defendants each owe a duty to defend M/I Homes under the theory of equitable subrogation. The Third-Party Complaint also alleges, in the alternative, that if HCC is found liable to M/I Homes for the claims asserted in M/I Homes' Complaint in this action, the Third-Party Defendants owe reimbursement to HCC for their pro rata share of the defense costs sought by M/I Homes under the theory of equitable contribution.

On January 2, 2025, HCC filed a Motion for Leave to File an Amended Complaint to add Navigators Specialty Insurance Company ("Navigators") and United Specialty Insurance Company ("United") as Third-Party Defendants under policies that they issued which include an Additional Insured endorsement under which HCC alleges that M/I Homes qualifies as an Additional Insured. The Court granted this Motion on January 9, 2025, and HCC subsequently filed its Amended Third-Party Complaint. On March 27, 2025, HCC sought leave to file a Second Amended Third-Party Complaint to allege supplemental jurisdiction. The Court granted this Motion and HCC filed the Second Amended Third-Party Complaint on April 14, 2025.

Since HCC filed the Second Amended Third-Party Complaint, M/I Homes, HCC, and United have entered into a settlement in which M/I Homes will dismiss its claims against HCC and HCC will dismiss its claims against United. Upon dismissal of M/I Homes' claim against HCC and HCC's claim against United, HCC's claims against Navigators will be the only claims pending in this case and HCC and Navigators will be the only parties remaining in this case.

HCC now seeks leave to amend the Second Amended Third-Party Complaint to add a claim against Navigators alleging that Navigators owes its named insured CCA Midwest, Inc. ("CCA") a

2

duty to indemnify in the Underlying Action, and that Navigators owes HCC reimbursement of a portion of the amount that HCC paid to settle the liability of CCA in the Underlying Action.

**LEGAL STANDARD**

Leave to amend a complaint should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). District Courts have discretion, however, to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019).

Third party complaints are specifically governed by Fed. R. Civ. P. 14(a), which permits a defendant to implead a nonparty only where that nonparty "is or may be liable" to the defendant "for all or part of the claim against it." Fed. R. Civ. P. 14(a). Impleader cannot, however, be used as a way of combining all controversies having a common relationship in one action, if the non-party is not allegedly liable for the claims against a defendant in the underlying action. *See USA Satellite & Cable, Inc. v. Mac Naughton*, 15 C 6331, 2016 WL 3262002, at *2 (N.D. Ill. June 14, 2016) (St. Eve, J.).

**DISCUSSION**

In its Motion, HCC argues that Navigators should not be allowed to avoid a determination of any liability it owes, or force duplicative, inefficient litigation since it had knowledge of the proposed claims against it. (Dkt. 167 at *3.) HCC next maintains that its Motion is timely because the right to indemnity claim was only recently discovered. (*Id.*) Finally, HCC argues Navigator's assertion that allowing the indemnity claim would "prejudice the orderly resolution of this action," rings hollow and contradicts the posture of the case, since HCC recently settled M/I Homes' claim against it and settled its claim against Third-Party Defendant, United Specialty Insurance Company, narrowing the case to the two remaining parties and proving the efforts HCC has undertaken to resolve this action. (*See* Dkt. 167 at *3-4.)

Navigators, by contrast, argue the Court should deny HCC's Motion because it is "procedurally improper, untimely, and would prejudice the orderly resolution of this action." (Dkt. 164 at *3.) First, Navigators argues HCC's proposed new claims do not satisfy the basic requirements of Rule 14(a) because they are neither derivative of, nor dependent upon, Houston's alleged liability to Plaintiff M/I Homes. (*Id.*) In its view, HCC's proposed amendments seek to inject a wholly different dispute to pursue reimbursement from Navigators for its voluntary settlement of CCA's alleged liability in a case that concerns only M/I Homes' defense-cost reimbursement. In the alternative, Navigators argues that the proposed claims are improper under Rule 15 because allowing HCC "to add new indemnity and contribution claims concerning a third-party not in dispute, at this late stage, would needlessly expand the scope of the litigation, introduce issues unrelated to M/I Homes' claims, and delay resolution of a case that is finally positioned to move forward beyond discovery." (*Id.* at *2.)

Ultimately, the Court is unconvinced by Navigator's objections. As an initial matter, the Court agrees with HCC that the proposed amendments are properly brought pursuant to Rule 14(a) because they allege a nonparty, Navigators, "is or may be liable" to HCC "for all or part of the claim[s] against it." *See* Fed. R. Civ. P. 14(a). Because HCC alleges its claims against Navigators are directly derivative of HCC's liability in the Underlying Action and any indemnification and reimbursement required thereto, the Court will not deem its proposed amendments improper under Rule 14(a).

Similarly, the Court does not believe Navigators has sufficiently proven undue prejudice, as is required to deem the proposed amendments improper under Rule 15(a). The Seventh Circuit has well established and repeatedly applied the standard that courts should freely grant leave to amend a complaint. *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F. 3d 682, 687 (7th Cir. 2004). The proposed amendments do not unduly prejudice Navigators because they have, at all relevant times, been a Third-Party to the Underlying Action and thus aware of the claims at issue,

4

because they have not asserted that HCC acted in bad faith, and because they have not asserted that the amendments would be futile. Notwithstanding those deficiencies, virtually all amendments result in some degree of prejudice to an opposing party due to the potential for additional discovery, but that does not make them presumptively improper. *See Luckett v. Conlan*, 561 F. Supp. 2d 970, 977 (N.D. Ill. 2008) (Denlow, J.). Here, where additional discovery would only pertain to potential settlement liability between the two remaining parties, and where the Third-Party Plaintiff has demonstrated great efforts to otherwise resolve the case, the Court finds Navigator's assertion of undue prejudice, unconvincing. Most importantly, denying the Motion would require the two remaining parties to participate in duplicative litigation, require consideration of identical issues, evidence, and witnesses, and would ultimately lead to the expenditure of extra resources by the parties and the Court. The redundancy of such an action would hinder judicial economy and delay final resolution of the case, which is heavily disfavored. *See Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1022 (7th Cir. 2014)(emphasizing when two courts are given the task to oversee similar proceedings such as pre-trial motions, discovery matters, and the consideration of similar issues, evidence, and witnesses, it is effectively "duplicating the amount of judicial resources required to reach a resolution.").

Accordingly, the Court will allow HCC to file its Third Amended Third-Party Complaint. Because the Court provides HCC with this relief, the Court will not address the merits of HCC's argument that it should be allowed to file a permissive counterclaim in the alternative.

**CONCLUSION**

This Court grants HCC's Motion to Motion for Leave to File a Third Amended Third-Party Complaint. HCC shall file its Amended Third-Party Complaint as a separate docket entry within seven (7) days.

**IT IS SO ORDERED.**

Date: 2/4/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6